UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
ELIAS WATSON.                       )
    Plaintiff,                      )
                                    )         CIVIL ACTION
                                    )         NO. 16-40133-TSH
v.                                  )
                                    )
DAVID MITA, as Police Officer of the City )
Of Worcester and Individually; STEPHEN    )
PIGNATARO, as Police Officer of the City  )
Of Worcester and Individually; THE CITY   )
OF WORCESTER; KIRSCH LIQUORS,             )
ROBERT KIRSCH; and JOHN BROYLES           )
    Defendants.                     )
_____ )

**MEMORANDUM AND ORDER ON DEFENDANTS'
MOTIONS TO DISMISS**
September 29, 2017

**HILLMAN, D.J.**

### Introduction

Plaintiff Elias Watson ("Plaintiff" or "Watson") filed a multi-count complaint alleging various federal and state civil rights violations and common law tort claims against Defendants David Mita and Stephen Pignataro, Police Officers for the City of Worcester, the City of Worcester (collectively, "the City Defendants"), Kirsch Liquors, along with store owner Robert Kirsch and store employee John Broyles (collectively, the "Kirsch Defendants"). Defendants move to dismiss all counts in the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on numerous grounds, including that the claims fail as a matter of law, are time barred, and/or lack sufficient factual support.

Plaintiff's Claims are as follows:

Count I – Violation of Federal Civil Rights - 42 U.S.C. § 1983 against Defendants Mita, Pignataro and City of Worcester (Excessive Force and Unreasonable Seizure - Fourth and Fourteenth Amendment);

Count II – Violation of Federal Civil Rights - 42 U.S.C. § 1983 against Defendants Mita, Pignataro and City of Worcester (Failure to Intervene and/or Report Misconduct - Fourth and Fourteenth Amendment);

Count III – Violation of Massachusetts Civil Rights Act (G. L. c. 12, §§ 11H -I) against Defendants Mita, Pignataro and City of Worcester;

Count IV – Violation of Federal Civil Rights - 42 U.S.C. § 1983 against Defendant City of Worcester (Monell/Supervisory Liability);

Count V – Assault and Battery against Defendants Broyles, Kirsch Liquors, Robert Kirsch, Mita and Pignataro;

Count VI – Abuse of Process against All Defendants;

Count VII – Violations of Federal and State Civil Rights - 42 U.S.C. § 1983 - Malicious Prosecution against All Defendants;

Count VIII – Fraud, Misrepresentation, and Deceit against Defendants Broyles,Mita and Pignataro;

**Relevant Facts**

On the evening of March 9, 2013, at approximately 8:00 p.m, Plaintiff visited Kirsch Liquors located at 646 Main Street in Worcester, Massachusetts. Sometime thereafter, Worcester police officers Stephen Pignataro and David Mita were dispatched to Kirsch Liquors for a disturbance or fight involving the Plaintiff and an employee of Kirsch Liquors. Prior to the arrival of the Officer Pignataro and Mita, Plaintiff was in the store, arguing with Defendant Broyles, a Kirsch employee. *See* Exhibit 1 to City Defendants' Memorandum, Kirsch Liquor store surveillance (hereinafter, "Ex. 1").[1] In the surveillance footage, Broyles can be heard

---

[1] Although store surveillance was attached to the City Defendants' motion, this Court may consider it in the context of a motion to dismiss. On a motion to dismiss, the court may properly take into account four types of documents outside the complaint without converting the motion into one for summary judgment: (1) documents of undisputed authenticity; (2) documents that are official public records; (3) documents that are central to plaintiff's claim; and (4) documents that are sufficiently referred to in the complaint." *Nolet v. Armstrong*, 197 F. Supp. 3d 298, 308 n.8 (D. Mass. 2016).

asking Plaintiff to leave the store. (Ex. 1 and Complaint, ¶ 33). Plaintiff yelled and swore at Broyles in the store, stating "I wish one of y'all will touch me and I will show you a knife." (Ex. 1) Plaintiff then challenged Broyles to "F*** with me." (Ex. 1). A female employee of Kirsch can be observed on the phone speaking with Worcester Police Department emergency dispatch. (Ex. 1). Plaintiff then approached the counter, and continued to argue with Broyles. (Ex. 1).

Plaintiff was pushed to the ground by Broyles. (Ex. 1). He got back on his feet, refused to leave the store, engaged in arguments with other patrons of the store, while continuing to yell at Broyles. (Ex. 1 and Complaint, ¶¶ 36 and 37). Specifically, Plaintiff stated to Broyles, "you f***ed with the wrong person," "I am coming back," "I will be your worst nightmare," "I will beat your f***ing punk a**," and "I have a son and he will murder him." (Ex. 1). At about this time, Officer Pignataro entered the store and observed the Plaintiff's behavior. (Ex. 1 and *see* Exhibit 2 to City Defendants' Memorandum, WPD Incident Report of Officer David Mita, Exhibit 2, hereinafter "Ex. 2"). Officer Pignataro approached the Plaintiff and advised him to calm down. (Ex. 1). The Plaintiff then advanced toward Officer Pignataro and stated that he had a knife. (Ex. 1 and Ex. 2). Officer Pignataro attempted to restrain the Plaintiff, brought him to the ground and handcuffed him. (Ex. 1 and Ex. 2). Officer Mita arrived on the scene after the Plaintiff had been brought to the ground, and secured. (Ex. 1).

Plaintiff was charged in Worcester District Court with disturbing the peace and two counts of assault with a dangerous weapon (knife) and released on personal recognizance. At the Plaintiff's trial on September 19, 2014, the District Court allowed the defense motion for a required finding of not guilty on all counts. (Complaint at ¶ 55). Plaintiff filed this action on September 16, 2016.

## Standard of Review

On a Rule 12(b)(6) motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555, 127 S.Ct. 1955(internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). Dismissal is appropriate if plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC,* 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio–Hernà ndez v. Fortuño–Burset*, 640 F.3d 1, 13 (1st Cir. 2011). A motion to dismiss premised on the running of the applicable statute of limitations will be granted "when the pleader's allegations 'leave no doubt that an asserted claim is time-barred.'" *Gorelik v. Costin*, 605 F.3d 118, 121 (1st Cir. 2010) (cite to quoted case omitted).

## Discussion

Both the City and the Kirsch Defendants assert that Plaintiff's Complaint must be dismissed because, 1) Plaintiff's claims for federal civil rights violations (Counts I, II and IV),

state civil rights violations (Count III), assault and battery (Count V), abuse of process (Count VI) and fraud, misrepresentation and deceit (Count VIII) are time-barred by the applicable statute of limitations; and 2) Plaintiff's federal and state claims for malicious prosecution (Count VII) fail as Plaintiff did not suffer a post-arraignment deprivation of liberty, and Defendant City police officers had sufficient probable cause to effectuate Plaintiff's arrest on March 9, 2013.

*Plaintiffs' Section 1983 Claims (Counts I, II, and IV) Against the City Defendants*

Section 1983 does not contain a built-in statute of limitations. *Nieves v. McSweeney*, 241 F.3d 46, 51 (1st Cir.2001). For section 1983 claims, a federal court applies the forum state's limitation period governing personal injury actions. *Id.* Massachusetts has a three-year statute of limitations for personal injury actions. Mass.Gen.L. ch. 260, § 2A. "Although section 1983 borrows its limitations period from state law, the accrual date for a section 1983 claim is measured by federal law. Under federal law, such a cause of action accrues 'when the plaintiff knows, or has reason to know of the injury on which the action is based.' " *Alamo–Hornedo v. Puig*, 745 F.3d 578, 581 (1st Cir.2014) (internal citations and citation to quoted case omitted). "[A] plaintiff is deemed to know or have reason to know at the time of the act itself and not at the point that the harmful consequences are felt." *Morán Vega v. Cruz Burgos*, 537 F.3d 14,20 (1st Cir.2008). Furthermore, for statute of limitation purposes, each section 1983 claim is analyzed independently. *See Nieves*, 241 F.3d at 52–53; *See also Salcedo v. Town of Dudley*, 629 F.Supp.2d 86, 98 (D.Mass.2009).

Plaintiff alleges that Officers Pignataro and Mita violated his Fourth and Fourteenth Amendment rights by using excessive force during the Plaintiff's arrest on March 9, 2013 and by falsely reporting the events related to the arrest shortly thereafter. Plaintiff's further alleges that the Officers failed to intervene and prevent the alleged excessive use of force during the

5

Plaintiff's arrest. Against the City of Worcester, Plaintiff alleges a *Monell* claim for employing policies and customs that served as a direct cause of the Constitutional deprivation he sustained on the date of the arrest.

Because the Plaintiff became aware that his rights had been violated at the time of his arrest, March 9, 2013, the limitation period for the use of excessive force, false reporting, failure to intervene and the *Monell* claim against the City accrue on that date. Since Plaintiff did not file this present action until September 16, 2016, those actions are time barred.[2]

### *Plaintiff's MCRA Claim (Count III) Against the City Defendants*

Plaintiff's Complaint also sets forth an MCRA claim against Officers Pignataro and Mita and the City of Worcester. As to the City, it is well-settled that a municipality cannot be held liable under the Massachusetts Civil Rights Act (MCRA), G. L. c. 12, § 11I. *See Howcroft v. City of Peabody*, 51 Mass. App. Ct. 573, 591-93 (2001). A municipality is not a 'person' under the MCRA, which precludes the City's liability. *Rinsky v. Trustees of Boston Univ.,* 2010 WL 5437289, *7 (D.Mass.2010). Plaintiff's Complaint appears to allege that the Defendant Officers violated his state civil rights from the date of arrest, March 9, 2013, until the resolution of his criminal proceedings on September 19, 2014. (Complaint, ¶¶ 82-85). Plaintiff's MCRA claim is also time-barred by the statute of limitations as it arises out of his arrest on March 9, 2013.

The Massachusetts Civil Rights Act is subject to the three-year limitations period as set forth in G. L. c. 260, § 5B. "The statute for limitation for an action filed under the MCRA "begins running once a plaintiff knows or has reason to know of the alleged wrongful acts. A plaintiff need not know the extent or severity of the harm suffered." *Sampson v. Town of*

---

[2] Plaintiff argued in his memorandum and again at the hearing that the actions of the Defendants from the time of the arrest up to and including the trial on September 19, 2014, were continuous ongoing conspiracy, but did not allege facts to support these theories in his Complaint.

*Salisbury*, 441 F.Supp.2d 271, 275 (D.Mass. 2006) (footnote omitted). For the statute of limitations period to begin, "a plaintiff need only have knowledge of all the facts necessary to make out his or her civil rights claim." Id. Accordingly, the statute of limitations period begins on the date of the wrongful act, "unless the wrong is 'inherently unknowable.'" *Id*. at 276. As with Plaintiff's federal civil right claims discussed above, Plaintiff's MCRA claim also arises out of his arrest on March 9, 2013 and therefore, the claim was not "inherently unknowable" and is time-barred.

*Plaintiff's Assault and Battery Claim (Count V) Against Officers Pignataro and Mita And the Kirsch Defendants*

Plaintiff alleges that Defendant Officers Pignataro and Mita "assaulted and battered [him] … [by] using excessive and unreasonable force upon him" while effectuating his arrest on March 9, 2013. G. L. c. 260, § 2A, provides that all actions of tort "shall be commenced within three years next after the cause of action accrues." *Robinson v. Carney*, 2010 WL 183760, at *2 (D. Mass. 2010). Under Massachusetts law, "actions of tort ... shall be commenced only within three years next after the cause of action accrues. Mass. Gen. Laws c. 260, § 2A. A tort cause of action for assault and battery accrues when the plaintiff is injured. *Riley v. Presnell*, 409 Mass. 239, 243 (1991). Watson's allegation that the assault and battery alleged in his Complaint occurred on March 9, 2013. Here, where the Plaintiff's claim for assault and battery against each of the Defendants named in this Count arises from his arrest on March 9, 2013, his claim is time-barred as Plaintiff's Complaint was filed six months after the statute of limitations expired. Thus, Plaintiff's claims for assault and battery against Officers Pignataro and Mita and the Kirsch Defendants are time barred.

*Plaintiff's Abuse of Process Claim Against All Defendants (Count VI)*

Plaintiff's Complaint asserts a claim for abuse of process against all Defendants for "participating in a scheme to institute criminal proceedings against the Plaintiff in the Worcester District Court." As alleged in the Complaint, Defendant Officers applied to the Clerk Magistrate of the Worcester District Court to issue a criminal complaint against Plaintiff after his arrest on March 9, 2013. Following his arraignment, Plaintiff was released on personal recognizance until the date of his trial. To sustain an abuse of process claim, Plaintiff must establish that "process was used 'to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.' " See *Omran v. U.S.*, 2016 WL 4158556, at *8 (D.Mass. June 22, 2016), citing *Millennium Equity Holdings, LLC v. Mahlowitz*, 456 Mass. 627, 636 (2010) (citations omitted). The three elements of abuse of process are (1) "process" was used, (2) for an ulterior or illegitimate purpose, (3) resulting in damage. *Id.*; *Gutierrez v. Mass. Bay Transp. Auth.*, 437 Mass. 396, 407 (2002) (citations omitted); *Jones v. Brockton Pub. Mkts., Inc.*, 369 Mass. 387, 389 (1975). "Process" refers to "the papers issued by a court to bring a party or property within its jurisdiction." *Jones*, 369 Mass. at 390. Massachusetts courts have limited process to three types: writs of attachment, the process used to institute a civil action, and the process related to the bringing of criminal charges. *Id.* at 389-90.

The Supreme Judicial Court has held that it is the "subsequent misuse of the process, though properly obtained, [which] constitutes the conduct for which the liability is imposed." *Quaranto v. Silverman,* 345 Mass. 423, 426, 187 N.E.2d 859 (1963), *citing Taylor v. Swartwout*, 445 F. Supp. 2d 98, 104 (D. Mass. 2006) (Gorton, J.) "The essence of this tort is the malicious use of legal process to accomplish some ulterior purpose for which it was not designed

8

or intended, or which was not the legitimate purpose of the particular process employed." *LaFrenier v. Kinirey*, 478 F. Supp. 2d 126, 142 (D. Mass. 2007) (Saylor, J.), quoting *Carroll v. Gillespie*, 14 Mass.App.Ct. 12, 26, 436 N.E.2d 431 (1982).

The First Circuit has not ruled directly on the issue of accrual of an abuse of process claim, however other jurisdictions have determined that abuse of process ordinarily "accrues at such time as the criminal process is set in motion against the plaintiff, or when the Plaintiff was aware that 'such process was employed for an inappropriate collateral objective.'" *Duamutef v. Morris*, 956 F. Supp. 1112, 1118 (S.D.N.Y. 1997) (citations omitted). Applying this rule, the Plaintiff's claim for abuse of process would have accrued when the criminal proceedings were initiated against him. Here, the Plaintiff has alleged that he appeared for arraignment in the Worcester District Court on March 11, 2013. (Complaint, ¶45). As such, the Plaintiff's claim for abuse of process accrued, at the latest, on March 11, 2013, the date of his arraignment, and his claim would be dismissed as time-barred by the statute of limitations.

*Plaintiff's Fraud, Misrepresentation and Deceit Claim Against All Defendants (Count VIII)*

Plaintiff's claims fraud, misrepresentation and deceit against Officers Pignataro and Mita and Defendant Broyles for making "false statements and representations of material facts" from March 9, 2013, the date of the Plaintiff's arrest, until the resolution of criminal proceeds on September 14, 2014. This claim for fraud, misrepresentation and deceit are likewise governed by the three-year statute of limitations set forth in G. L. c. 260, § 2A. This claim stems from the Defendant officers' alleged false reporting from the Plaintiff's arrest on March 9, 2013. Because Plaintiff had sufficient knowledge of the facts that would support his claim for fraud, misrepresentation and deceit, at the latest, on March 11, 2013, when he was arraigned and the

9

facts related to his arrest were disclosed, this claim is also time-barred by the statute of limitations. Accordingly, Count VIII is dismissed as to all Defendants.

*Plaintiff's Malicious Prosecution Claim Against All Defendants (Count VII)*

Plaintiff's Complaint asserts a federal civil rights claim, pursuant to 42 U.S.C. § 1983, based upon malicious prosecution against all Defendants. It is well-settled that a cause of action for malicious prosecution does not accrue until the termination of the criminal proceedings. *See Nieves v. McSweeney*, 241 F.3d 46, 51 (1st Cir. 2001), *citing Heck v. Humphrey,* 512 U.S. 477, 489 (1994), 114 S.Ct. 2364. Plaintiff's claim for malicious prosecution is therefore timely filed.

"The elements of a common-law cause of action for malicious prosecution are '(1) the commencement or continuation of a criminal proceeding against the eventual plaintiff at the behest of the eventual defendant; (2) the termination of the proceeding in favor of the accused; (3) an absence of probable cause for the charges; and (4) actual malice.' " *Cabot v. Lewis*, No. 13-11903-FDS, 2017 WL 1013742, at *13 (D. Mass. Mar. 15, 2017) (*quoting Nieves,* 241 F.3d at 53).

More is needed to transform malicious prosecution into a claim cognizable under section 1983. *See Nieves*, 241 F.3d at 53. To bridge the gap, the plaintiff also must show a deprivation of a federally-protected right. *Id.*, citing *Meehan v. Town of Plymouth,* 167 F.3d 85, 88 (1st Cir.1999); *Roche v. John Hancock Mut. Life Ins Co.,* 81 F.3d 249, 254 (1st Cir. 1996). To assert a viable claim for malicious prosecution under 42 U.S.C. § 1983, Plaintiff must show that (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of clearly established rights, privileges or immunities guaranteed by the federal Constitution or laws of the United States. *See Meehan v Town of Plymouth*, 167

F.3d 85, 88 (1st Cir. 1999). Plaintiff's Complaint here asserts claims of federal claims of malicious prosecution under both the Fourth and Fourteenth Amendments.

"It is well-established that malicious prosecution does not support a claim of a substantive due process violation, so that cannot be the constitutional violation which supports a §1983 claim." *Sheppard v. Aloisi,* 384 F.Supp.2d 478, 491 (D.Mass. 2005) (citing *Nieves*, 241 F.3d at 53) (additional citations omitted). Moreover, "[n]o procedural due process claim can flourish in this soil because Massachusetts provides an adequate remedy for malicious prosecution." *Nieves*, 241 F.3d at 53 (citations omitted). Therefore, to the extent that Plaintiff bases his §1983 malicious prosecution claim on an alleged violation of his Fourteenth Amendment rights, it must fail.

The question remains open "whether the Constitution permits the assertion of a section 1983 claim for malicious prosecution on the basis of an alleged Fourth Amendment violation." *Id*. at 54, and cases cited.[3] *Nieves* "assume[d] … [that] under some circumstances," a malicious prosecution claim could be asserted as "a violation of the Fourth Amendment and thus ground a cause of action under section 1983." *Id*. Nieves further instructs that in order to bring a malicious prosecution claim for a warrantless arrest under the Fourth Amendment, the Plaintiff is left with "the task of showing some post-arraignment deprivation of liberty, caused by the application of legal process, that approximates a Fourth Amendment seizure." *Id*. The claim for malicious prosecution based on the Fourth Amendment was dismissed in *Nieves*, where the court found

---

[3] As the Supreme Court recently decided, the Fourth Amendment provides a basis under § 1983 for challenging pre-trial detention. *Manuel v. City of Joliet*, —U.S. —, 137 S.Ct. 911, 914–15, 197 L.Ed.2d 312 (2017). *Manuel* did not address, however, whether the tort of malicious prosecution, as opposed to some other common law cause of action, provides an appropriate framework for these Fourth Amendment § 1983 claims. *See id*. at 923 (Alito, J., dissenting) (stating majority had not resolved "whether a claim of malicious prosecution may be brought under the Fourth Amendment").

that the Plaintiff did not sustain a post arraignment deprivation of liberty, in circumstances similar to those here. Defendants here urge this court to do the same.

Here, Plaintiff was charged with disturbing the peace and assault with a dangerous weapon, appeared for arraignment in Worcester District Court, and was released on personal recognizance. All charges were dismissed at Plaintiff's trial. Thus, criminal proceedings were commenced against plaintiffs that eventually terminated in his favor. A defendant cannot be liable for malicious prosecution, however, if he had probable cause to initiate the criminal proceeding. Plaintiff has the burden to prove lack of probable cause; it cannot be inferred merely from the fact of acquittal. *See Muniz v. Mehlman,* 327 Mass. 353, 359, 99 N.E.2d 37 (1951). Furthermore, the plaintiff must prove malice by showing that the defendant knew there was no probable cause for the prosecution, and that he acted with an improper motive. *See Foley,* 400 Mass. at 100, 508 N.E.2d 72. The issues of causation, probable cause and malice require more factual analysis than is appropriate at this stage of the litigation.[4] Accordingly, I have found that Plaintiff has alleged sufficient facts to state a plausible claim for malicious prosecution and therefore, the Defendants' motion to dismiss Count VII is denied.

---

[4] The Court in *Nieves* decided that case on a motion for summary judgment.

**Conclusion**

For the foregoing reasons, the City Defendants' Motion to Dismiss (Docket No. 13) is **GRANTED** as to **Counts I, II, III, IV, V, VI, and VIII** and **DENIED** as to **Count VII**; and the Kirsch Defendants' Motion to Dismiss (Docket No. 8) is **GRANTED** as to **Counts V, VI, and VIII** and **DENIED** as to **Count VII**.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**